1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANGEL A. DIAZ,

11          Plaintiff,                        No. CIV S-05-0692 FCD JFM P

12      vs.

13   C. ADAMS, et al.,

14          Defendants.                       ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has paid the appropriate filing fee.  This proceeding was referred to this court

18   by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint, or portion thereof, should only be dismissed for failure to state a

7   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15          Plaintiff alleges that defendant Lt. Adams violated plaintiff's rights under the

16  Eighth Amendment by releasing confidential information concerning plaintiff's cooperation in a

17  murder investigation at High Desert State Prison, which led to a stabbing assault in which

18  plaintiff suffered "multiple puncture wounds." (Complaint, filed April 11, 2005, at 4.)  The

19  complaint states a cognizable claim for relief against defendant Adams pursuant to 42 U.S.C.

20  § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a

21  reasonable opportunity to prevail on the merits of this claim.

22          In addition to Lt. Adams, plaintiff names as defendants Captain J. Briddle, D.

23  Handly, and M. D. McDonald.  There are no charging allegations against M. D. McDonald, and

24  the court will not order service on said defendant.  The only allegation against D. Handly is that

25  he is the person to whom plaintiff gave the confidential information during the murder

26  investigation.  There are no allegations linking defendant Handly to the alleged improper release

1   of that information.  Accordingly, the court will not order service of process on said defendant.

2   Finally, plaintiff names Captain J. Briddle as a defendant because he was the facility captain at

3   the time of the events complained of and "knew or should have known" that plaintiff would be in

4   danger if placed in the wrong housing situation.

5                The Civil Rights Act under which this action was filed provides as follows:

6                Every person who, under color of [state law] . . . subjects, or causes
                 to be subjected, any citizen of the United States . . . to the

7                deprivation of any rights, privileges, or immunities secured by the
                 Constitution . . . shall be liable to the party injured in an action at

8                law, suit in equity, or other proper proceeding for redress.

9   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14   omits to perform an act which he is legally required to do that causes the deprivation of which

15   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16           Moreover, supervisory personnel are generally not liable under § 1983 for the

17   actions of their employees under a theory of respondeat superior and, therefore, when a named

18   defendant holds a supervisorial position, the causal link between him and the claimed

19   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

21   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

23   Cir. 1982).

24           Plaintiff's claim against Captain Briddle appears to be based on a theory of

25   respondeat superior and therefore is not cognizable in this action.  The court will not order

26   service of process on said defendant.

1        Since plaintiff's complaint states a cognizable claim for relief against defendant

2   Adams, the Clerk of the Court will be directed to issue one summons to plaintiff for purposes of

3   service of process.  See Federal Rule of Civil Procedure 4.[1]  Within 120 days from the date of

4   this order, plaintiff shall submit to the court and serve by mail on all other parties a status report

5   informing the court of the date and manner of service of process.

6        The parties are informed that they may, if all consent, have this case tried by a

7   United States Magistrate Judge while preserving their right to appeal to the Circuit Court of

8   Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party

9   choosing to consent may complete the form and return it to the clerk of this court.  Neither the

10  magistrate judge nor the district judge handling the case will be notified of the filing of a consent

11  form unless all parties to the action have consented.

12       On July 15, 2005, plaintiff filed a motion for appointment of counsel.  The United

13  States Supreme Court has ruled that district courts lack authority to require counsel to represent

14  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

15  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

16  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

17  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

18  court does not find the required exceptional circumstances at this time.  Plaintiff's motion for the

19  appointment of counsel will therefore be denied.

20       In accordance with the above, IT IS HEREBY ORDERED that:

21       1. The Clerk of the Court is directed to issue and send plaintiff one summons for

22  defendant Adams.  The Clerk shall also send plaintiff two copies of the form "Consent to

23  Proceed Before United States Magistrate Judge" with this order.

24  /////

25

26     [1] Plaintiff is cautioned that this action may be dismissed if service of process is not
    accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

4

1        2. Plaintiff shall complete service of process on defendant Adams within sixty

2 days from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form

3 "Consent to Proceed Before United States Magistrate Judge" on defendant Adams at the time the

4 summons and complaint are served.

5        3. Defendant shall reply to the complaint within the time provided by the

6 applicable provisions of Fed. R. Civ. P. 12(a).

7        4. Plaintiff's status report shall be filed within one-hundred twenty days from the

8 date of this order.  Plaintiff is advised that failure to file a status report in accordance with this

9 order may result in the imposition of sanctions, including dismissal of the action.

10        5. Unless otherwise ordered, all motions to dismiss, motions for summary

11 judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

12 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

13 be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be

14 deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only

15 as directed by the court.

16        6. If plaintiff is released from prison at any time during the pendency of this case,

17 any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule

18 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule

19 78-230(m) will govern all motions described in #5 above regardless of plaintiff's custodial status.

20 See Local Rule 1-102(d).

21        7. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), cert.

22 denied sub nom. Alameda v. Wyatt, 124 S. Ct. 50, __ U.S. __ (2003),  plaintiff is advised of the

23 following requirements for opposing a motion to dismiss for failure to exhaust administrative

24 remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of

25 Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without

26 prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and

5

1    admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may

2    likewise file declarations under penalty of perjury and admissible documentation.  Plaintiff may

3    rely upon statements made under the penalty of perjury in the complaint if the complaint shows

4    that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's

5    attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one

6    or more affidavits or declarations by other persons who have personal knowledge of relevant

7    matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are

8    what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with

9    admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

10   submit matters outside the pleadings, the court may look beyond the pleadings and decide

11   disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

12   court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

13   defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

14   unexhausted claims will be dismissed without prejudice.

15          8.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

16   <u>cert.</u> <u>denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988),

17   plaintiff is advised of the following requirements for opposing a motion for summary judgment

18   made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

19   is a request for an order for judgment in favor of defendants without trial.  A defendant's motion

20   for summary judgment will set forth the facts that the defendants contend are not reasonably

21   subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

22   judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

23   the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

24   complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

25   plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

26   Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

1  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

2  have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff

3  must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any

4  part of the transcript of one or more depositions, answers to interrogatories, or admissions

5  obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with

6  counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the

7  truth and the defendants' motion for summary judgment granted.  If there is some good reason

8  why such facts are not available to plaintiff when required to oppose a motion for summary

9  judgment, the court will consider a request to postpone considering the defendants' motion.  If

10  plaintiff does not serve and file a written opposition to the motion or a request to postpone

11  consideration of the motion, the court may consider the failure to act as a waiver of opposition to

12  the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or

13  unopposed, is granted, judgment will be entered for the defendants without a trial and the case

14  will be closed.

15          9.  A motion or opposition supported by unsigned affidavits or declarations will

16  be stricken.

17          10.  Each party shall keep the court informed of a current address at all times

18  while the action is pending.  Any change of address must be reported promptly to the court in a

19  separate document captioned for this case and entitled "Notice of Change of Address."  A notice

20  of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f),

21  service of documents at the record address of a party is fully effective.  Failure to inform the

22  court of a change of address may result in the imposition of sanctions including dismissal of the

23  action.

24          11.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of

25  Court.

26  /////

1           12.   The failure of any party to comply with this order, the Federal Rules of Civil

2    Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

3    not limited to, dismissal of the action or entry of default.   Fed. R. Civ. P. 11; Local Rule 11-110.

4           13,   Plaintiff's July 15, 2005 motion for appointment of counsel is denied.

5    DATED:  August 22, 2005.

6

7                               UNITED STATES MAGISTRATE JUDGE

8

9    diaz0692.8fee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26