IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL A. DIAZ,

      Plaintiff,                           No. CIV S-05-0692 FCD JFM P

   vs.

C. ADAMS, et al.,

      Defendants.                  ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 21, 1005, plaintiff filed a motion for reconsideration of that part of this court's August 23, 2005 order that declined to order service of process on M. McDonald, J. Briddle, and D. Handly. Plaintiff's motion for reconsideration contains allegations against these individuals that are not included in his original complaint. Good cause appearing, plaintiff's complaint will be dismissed and plaintiff will be given an opportunity to file an amended complaint that includes these additional allegations.[1]

/////

---

[1] On the same day, plaintiff filed a document styled "Declaration," apparently in support of his motion for reconsideration. To the extent this document contains additional allegations against defendants McDonald, Briddle, and Handly, those allegations should also be included in plaintiff's amended complaint.

1

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has also filed a request for reconsideration by this court of the August 23, 2005 denial of plaintiff's previously filed motions for appointment of counsel. For the reasons, set forth in that order, the court is unable to appoint counsel to represent plaintiff at this time. Plaintiff's request for reconsideration of this order will be denied.

Finally, on September 21, 2005, plaintiff filed a request for court-ordered access to prison photocopy services. Plaintiff has not showed that he has attempted to resolve this matter through prison grievance procedures. Plaintiff's request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 21, 2005 motion for reconsideration of this court's August 23, 2005 order declining to order service of process on M. McDonald, J. Briddle, and D. Handly is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that contains all of his allegations against all defendants named in this action; the amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

4.  Plaintiff's September 14, 2005 request for reconsideration of this court's August 23, 2005 order denying plaintiff's motions for appointment of counsel is denied.

5.  Plaintiff's September 21, 2005 request for court-ordered photocopies of legal documents is denied.

DATED:  November 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
diaz0692.rec