IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL A. DIAZ,

        Plaintiff,                     No. CIV S-05-0692 FCD JFM P

    vs.

C. ADAMS, et al.,                  ORDER AND

        Defendants.            FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to his safety needs by disclosing confidential information from his central file. This matter is before the court on defendants' motion to dismiss the prayer for preliminary and permanent injunctive relief set forth in plaintiff's second amended complaint, filed March 2, 2006.[1] Plaintiff seeks a permanent injunction "ordering defendants at High Desert State Prison, Lt. C. Adams, M. McDonald, their successors, agents, employees, and all persons acting in concert with them to protect plaintiff from leaking

---

[1] The instant motion was filed by defendants Handly and McDonald on July 20, 2007. On August 29, 2007, defendant Briddle filed a request to join in the motion to dismiss, and on October 22, 2007, defendant Adams filed a request to join in the motion to dismiss. Good cause appearing, both requests will be granted.

1

confidential information" from his central file, and directing implementation of "an adequate classification system." Second Amended Complaint, filed March 2, 2006, at 5.

Defendants contend the request for injunctive relief has been mooted by plaintiff's transfer to a different prison facility.[2] As a general rule, an inmate's challenge to policies or practices at a correctional facility is mooted by the inmate's transfer to another correctional facility where the inmate does not demonstrate any reasonable expectation that he will be returned to the first facility. See, e.g., Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Here, however, plaintiff challenges the alleged disclosure of confidential information from his central file and the alleged impact thereof on his safety and security. He seeks injunctive relief not only from defendants but from their successors. Liberally construed, the prayer for injunctive relief extends to those whose responsibility it is to safeguard the security of confidential information in plaintiff's central file. Cf. Fed. R. Civ. P. 65. While the court makes no findings at this time concerning the merits of plaintiff's claims, under the circumstances of this case, plaintiff's transfer does not moot his prayer for injunctive relief.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Briddle's August 29, 2007 request to join in defendants' July 20, 2007 motion to dismiss is granted;

2. Defendant Adams' October 22, 2007 request to join in defendants' July 20, 2007 motion to dismiss is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' July 20, 2007 motion to dismiss be denied; and

2. Defendants be directed to answer the second amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

---

[2] Plaintiff also seeks money damages, see Second Amended Complaint, at 5, and there is no contention that this entire action is moot.

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6 failure to file objections within the specified time may waive the right to appeal the District
7 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8 DATED: January 24, 2008.

/s/ [signature]
UNITED STATES MAGISTRATE JUDGE

12
diaz.mtd